```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF TEXAS
                           LUFKIN DIVISION
```

MARIA DE LOS ANGELES PAZ and  
PAUL PETIT, individually §  
and on behalf of all persons §  
similarly situated, §  
§  
      Plaintiffs §  
§  
V. § CIVIL ACTION NO. 9:23-cv-92  
§  
ALEJANDRO MAYORKAS, in his §  
official capacity as Secretary §  
of the United States §  
Department of Homeland § JUDGE: _____  
Security, §  
§  
      Defendant §  

## COMPLAINT

COME NOW Maria de los Angeles Paz and Paul Petit, hereinafter "Plaintiffs," by counsel, complaining of Alejandro Mayorkas, hereinafter "Defendant," and for their cause of action would show as follows:

### PRELIMINARY STATEMENT

1. This is an immigration case. Both named plaintiffs, and every member of the class they seek to represent, have been required to pay or will be required to pay the sum of $85.00, supposedly for biometrics services, to the United States Citizenship and Immigration Services (hereinafter "USCIS"). The USCIS, in the case of each named plaintiff and each class member, has determined or will determine that biometrics were or

are not necessary, but nonetheless kept or will keep the $85.00 fee for same.  Plaintiffs, individually and on behalf of all persons similarly situated, bring this action to recover their unused biometrics fees and to halt the USCIS's policy of keeping those fees when they are not needed.  Plaintiffs, proceeding individually and on behalf of the class they seek to represent, seek declaratory and injunctive relief, their attorney's fees, and their costs.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this case under 5 U.S.C. §§ 702 and 706, and 28 U.S.C. §§ 1331, 1361, 2201 and 2202.  Venue is proper in this district under 28 U.S.C. § 1391(e).

3.   An actual controversy has arisen and now exists between Plaintiffs and Defendant.

## PARTIES

### Named Parties

4.   Plaintiff Maria de los Angeles Paz is a 48-year-old citizen of Mexico and lawful permanent resident of the United States, residing in Henderson, Rusk County, Texas.

5.   Plaintiff Paul Petit, aka Paul Petit Padron, is a 27-year-old citizen of the United States residing in Pollok, Angelina County, Texas.

6. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security of the United States.  He is charged by statute with the administration of the Immigration and Nationality Act (hereinafter "INA") and all other laws relating to immigration and naturalization, and is responsible for the control, direction, and supervision of the USCIS and its employees, and is responsible for processing applications for permanent residence, for naturalization, and petitions and applications for many other benefits under the INA, and enforcing the INA and its accompanying regulations.

Plaintiff Class

7. In this action Plaintiffs seek certification, pursuant to Fed. R. Civ. P. 23(b)(2), as the representatives of a class consisting of all persons who have paid or will pay a biometrics fee of $85.00 to United States Citizenship and Immigration Services, and did not have or will not have those biometrics fees returned to them after USCIS determines they are not needed.

8. This proposed plaintiff class meets all of the requirements of Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

> **A.** By regulation, the USCIS charges an $85.00 biometrics fee to every person who submits the following applications or petitions:  I-90 Application to Replace Permanent Resident Card;

        I-129CW Petition for a CNMI-Only Nonimmigrant Transitional Worker; I-131 Application for Travel Document; I-485 Application to Register Permanent Residence or Adjust Status; I-539 Application to Extend/Change Nonimmigrant Status; I-600 Petition to Classify Orphan as an Immediate Relative; I-600A Petition to Classify Advance Processing of an Orphan Petition; I-601A Application for Provisional Unlawful Presence Waiver; I-751 Petition to Remove Conditions on Residence; I-765 Application for Employment Authorization; I-800A Application for Determination of Suitability to Adopt a Child from a Convention Country; I-817 Application for Family Unity Benefits; I-821 Application for Temporary Protected Status; I-821D Consideration of Deferred Action for Childhood Arrivals; I-829 Petition by Investor to Remove Conditions on Permanent Resident Status; I-881 Application for Suspension of Deportation or Special Rule Cancellation of Removal (Pursuant to Section 203 of Public Law 105-100 (NACARA)); I-941 Application for Entrepreneur Parole; I-956H Bona Fides of Persons Involved with Regional Center Program; and N-400 Application for Naturalization.  Over 500,000 people per year therefore pay the biometrics fee, and over 100,000.00 people per year are subsequently advised by the USCIS that the fee was not necessary, but will not be returned.  This class is therefore so numerous that joinder of all members is not practicable.

**B.** There are questions of law and of fact common to the class, and the claims of the representative plaintiffs are typical of the claims of the class, because the representative plaintiffs and all members of the class have paid or will have to pay an $85.00 biometrics fee that, although unnecessary, is not refunded.

**C.** The representative plaintiffs will fairly and adequately protect the interests of the class because they have been treated the same as the members of their class, have no conflict with the members of their class, and are represented by competent and experienced counsel.

    **D.**    The defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole, in that Defendant continues to require an unnecessary but not-returned biometrics fee of $85.00 of Plaintiffs and the members of the class, even though the defendant has absolutely no basis for retaining that fee.

FACTS

Individual Plaintiffs' Facts

9. Plaintiff Maria de los Angeles Paz was lawfully admitted to the United States for permanent residence on November 2, 2021. Exhibit 1.

10. In connection with her Application for Permanent Residence (Form I-485), and pursuant to the USCIS's regulations, plaintiff Paz was required to and did submit a biometrics fee in the amount of $85.00, supposedly for the purpose of taking her fingerprints and photograph for said application.

11. The $85.00 biometric fee Plaintiff Paz paid was not necessary, because the USCIS already had her biometrics from a previous application.

12. USCIS advised Plaintiff Paz that the biometrics fee was unnecessary, but that it would not be refunded in any event. Exhibit 2.

13. Plaintiff Paul Petit successfully applied to become a naturalized citizen of the United States, submitting his

Application for Naturalization (Form N-400) to the USCIS on or about October 19, 2022.  Exhibit 3.  In connection with that application he was required by USCIS regulations to pay a biometrics fee in the amount of $85.00, which he did.  That $85.00 biometrics fee was not necessary, because the USCIS already had Mr. Petit's biometrics from a previous application.

    14.  Nonetheless, the USCIS informed Plaintiff Petit that it would not refund his biometric fees even though it was not needed.  Exhibit 4.

    15.  USCIS knows perfectly well how to return an unnecessary fee, Exhibit 5, but has chosen not to do so with regard to Plaintiffs and the members of the proposed class.

    16.  USCIS knows perfectly well how to advise an applicant for immigration benefits that in the future it will charge a biometrics fee if necessary, Exhibit 6, but has chosen not to do with regard to Plaintiffs and the members of the proposed class.

    17.  USCIS knows perfectly well how to remove the biometrics requirement for a specific class of applicants/petitioners from whom biometrics are not needed, and to return those fees improperly charged.  Exhibit 7.  However, the USCIS has chosen not to do so with regard to Plaintiffs and the members of the proposed class.

    18.  The actions of Defendant have caused and continue to

cause injury and damage to Plaintiffs and the members of the class they seek to represent for the reasons set forth in the preceding paragraphs.

19. The actions of Defendant described above constitute final agency action, within the meaning of the Administrative Procedures Act, for which there is no adequate remedy at law.

20. Plaintiffs have exhausted their administrative remedies.

Class Members' Facts

21. The facts set forth above in paragraphs 9 through 20 above are equally applicable to the members of the class the named plaintiffs seek to represent, in that Defendant has or will require an $85.00 biometrics fee from each of them and has refused or will refuse to return that fee even when it turns out that biometrics were or are not necessary.

22. The members of the class that Plaintiffs seek to represent have no administrative remedies available to them to challenge the actions and omissions of defendant Mayorkas set forth above, and have no adequate remedy at law.

23. The actions of Defendant described above have no reasonable basis in fact or law and are not substantially justified.

24. Plaintiffs are individuals whose net worth does not exceed the sum of $2,000,000.00 at the time of filing of this lawsuit.

25. No special circumstances exist in this case such as to make an award of attorney's fees against Defendant unjust.

## CAUSE OF ACTION

26. Defendant's unjust retention of biometrics fees paid by Plaintiffs and the members of the class they seek to represent, all of which is more fully set out above, has adversely affected Plaintiffs and the class they seek to represent and represents agency action subject to review under 5 U.S.C. §§ 702 and 706.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.   Certify Plaintiffs' proposed class;

B.   Enter a declaratory judgment declaring Defendant's practice of unjustly retaining biometrics fees to be arbitrary, capricious, not in accordance with law, and violative of the rights of Plaintiffs and the members of the class;

C.   Order Defendant to return to Plaintiffs and the class members the biometrics fees improperly retained, plus interest;

D.   Enter preliminary and permanent injunctions on behalf

of Plaintiffs and the members of the class against Defendant, enjoining the continuance of the acts, omissions and policies complained of above; and

    E.   Grant Plaintiffs a reasonable attorney's fee, to consist of a portion of the biometrics fees returned by Defendant not to exceed one third (33.3%) of the biometrics fees so returned, and their costs and expenses herein.

                            Respectfully submitted,

                            /S/ *Richard S. Fischer*
                            RICHARD S. FISCHER
                            State Bar No. 07043100

                            FISCHER AND FISCHER, ATTORNEYS AT LAW
                            114 South Pecan Street
                            Nacogdoches, Texas  75961
                            Phone:    (936)564-2222
                            FAX:      (936)564-1346
                            E-mail:   fischerlaw@sbcglobal.net

                            Attorneys for Plaintiffs