IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARIA DE LOS ANGELES PAZ and PAUL PETIT, individually and on behalf of all persons similarly situated, | § § § § | |
| Plaintiffs | § § | |
| V. | § § | CIVIL ACTION NO._____ |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security, | § § § § § § § | |
| Defendant | § | |

**MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

COME NOW Plaintiffs Maria de los Angeles Paz and Paul Petit, by counsel, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedures, and having moved this Court to certify them as the representatives of a class consisting of all persons who have paid or will pay a biometrics fee of $85.00 to United States Citizenship and Immigration Services, and did not have or will not have those biometrics fees returned to them after USCIS determines they are not needed, in support of such Motion would show:

POINTS AND AUTHORITIES

Rule 23 Generally

The purpose of a class action is to avoid multiple actions and to allow claimants who would not otherwise litigate their claims individually to bring them as a class. Calafano v. Yamasaki, 442 U.S. 682, 700-701 (1979). Rules 23(a) requires that all classes meet four prerequisites: Numerosity, commonality, typicality, and adequacy of representation. In addition, a proposed class seeking declaratory and/or injunctive relief must fit one of the types enumerated in Rule 23(b). The burden of demonstrating the prerequisites of Rule 23 is on the plaintiff. M.D. ex rel. Stukenberg v. Perry, 675 F.3d 832, 837 (5th Cir. 2012).

Although a district court facing a request for class certification has substantial discretion, it must conduct an analysis of Rule 23's requirements before certifying a class. Castano v. American Tobacco Co., 84 F.3d 734, 740 (5th Circ. 1996). The district court must conduct a vigorous analysis of the Rule 23 requirements before certifying a case as a class action. General Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). A district court must determine whether an action shall be maintained as a class action as soon as practicable after the commencement of the lawsuit. Fed. R. Civ. P. 23(c)(1)(A).

Numerosity

A plaintiff must normally demonstrate some evidence or reasonable estimate of the number of proposed class members.

Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1038 (5th Cir. 1981). A number of things may be relevant to the numerosity question, including the geographical location of the class, the ease of identifying class members, the nature of the action, and the size of each plaintiff's claim. Id.,. The numerosity element of Rule 23(a) does not focus on numbers alone, but also requires a court to consider the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each class member's claim. Ibe v. Jones, 836 F. 3d 516, 528 (5th Cir. 2016). The critical inquiry is whether joinder of all members is practicable. Zeidman, supra, 651 F.2d at 1038. The doctrine in the 5th Circuit is that numerosity is met when a class has 100 to 150 members. Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 624 (5th Cir. 1999). Infact, a class consisting of more than forty members is adequate. See Id., 186 F.3d at 624.

"The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively small potential recoveries into something worth someone's (usually an attorney's) labor." Mace v. Van Ru Credit Corp., 109 F.3d 338, 334 (7th Cir. 1997).

As plaintiffs have alleged in their Complaint, each year over 100,000 people are advised by USCIS that their biometrics fees were not needed but will not be returned. New persons receive the same treatment each day. These persons are dispersed throughout the United States and its territories, and each claim is for only $85.00 plus interest. Any classmember's individual claim is not worth litigating; the potential recovery would be less than the filing fee.

Apart from the count of numbers alone, there are additional factors which support plaintiff's contention that the proposed class satisfies the numerosity requirement. Where, as here, the proposed plaintiff class seeks only injunctive and declaratory relief, class certification is particularly appropriate. See Allison v. Citgo Petroleum Corp. 151 F.3d 402, 411 (5th Cir. 1998). Further, the fact that this case seeks declaratory and injunctive relief on behalf of future classmembers as well as present members increases the size of the proposed class. See Jones v. Diamond, 519 F.2d 1090, 1100 (5th Cir. 1975). By definition, the identities of these members are unknown. "[J]oinder of unknown individuals is certainly impracticable." Jack v. American Linen Supply Co., 498 F.2d 122, 124 (5th Cir. 1974), quoted in Phillips v. Joint Legislative Committee, 637 F.2d 1014, 1022 (5th Cir. 1981).

The numerosity requirement is met in this case.

Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart v. Dukes, 564 U.S. 338, 349 (2011). A single question of fact can be sufficient to establish commonality, as long as resolution of that question resolves an issue central to the validity of each class member's claim. Dukes, 564 U.S. at 350. Commonality is thus satisfied where the resolution of at least one issue would affect a significant number of the proposed class members. Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 426 (5th Cir. 1997). To meet the commonality requirement the claims of the proposed class members must depend on a common contention which must be one that is capable of class-wide resolution. Dukes, supra, 564 U.S. at 350. The inquiry examines whether an issue that is central to the validity of each one of the putative class members' claims may be resolved "in one stroke." Id. The threshold for commonality is low. Sims v. Jones, 296 F.R.D. 485, 497 (N.D. Tex. 2013). There is only one question presented in this case - whether the USCIS may retain unnecessary biometric fees. The commonality requirement is met here.

Typicality

The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge because

"Both serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiffs' and the class' claims are so interrelated that the interests of the class members will be fairly and adequately protected." General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157 n.13 (1982). "Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they propose to represent." Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625 (5th Cir. 1999). "The critical inquiry is whether the class representative's claims have the same essential characteristics as those of the putative class." Id.

Administrative policies such as the ones challenged in the case at bar touch a great number of persons and are presumably applied uniformly; the typicality requirement is therefore satisfied because the claims of the class representative and the classmembers arise from the same practice and are based on the same legal theory. See Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984), De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). It is therefore not surprising that where plaintiffs challenge the federal immigration authorities' administrative practices, class

certification under Rule 23(a) and (b)(2) is common. <u>See, e.g.</u>, <u>Catholic Social Services (CSS) v. Thornburgh</u>, 956 F.2d 914 (9th Cir. 1992), <u>Orantes-Hernandez v. Thornburgh</u>, 919 F.2d 549 (9th Cir. 1990). In this case the named plaintiffs' claim is <u>identical</u> to that of the class members.

<u>Adequacy of Representation</u>

Rule 23(a)(4)'s adequacy requirement looks at whether the representative parties will fairly and adequately represent the interest of the class. This requirement "mandates an inquiry into the zeal and competence of the representatives' counsel and into the willingness and ability of the representatives to take an active role and control the litigation and to protect the interests of absentees." <u>Horton v. Goose Creek ISD</u>, 690 F.2d 470, 484 (5th Cir. 1982).

The adequacy requirement for proposed class representatives does not require them to read every pleading, or know all the specific facts supporting every particular claim of the members of the class. <u>See</u> <u>Rubenstein v. Collins</u>, F.Supp.3d 534, 538 (S.D. Tex. 1995). They are, instead, expected to have a general understanding of their position as plaintiffs with respect to the cause of action and the alleged wrongdoing perpetrated against them by the defendant. <u>Id</u>.

The named plaintiffs in this case have no imaginable conflict with the class members, and therefore meet the first element of the adequacy requirement.

The second element of Rule 23(a)(4) addresses the qualifications of plaintiffs' counsel. The undersigned Richard S. Fischer has practiced in this Court for forty years, and has experience as lead or co-counsel in class actions and in immigration-related litigation as is reflected in his affidavit filed together herewith. Counsel also has direct access to ample resources necessary to successfully prosecute this class action. This element is also met here.

Rule 23(b)(2)

Rule 23(b)(2) requires that in addition to satisfying Rule 23(a)'s four prerequisites, the party seeking class certification show that one of the three Rule 23(b)(2) requirements is fulfilled.

Rule 23(b)(2) provides for class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This analysis requires "common behavior by the defendant toward the class." In re Rodriguez, 695 F.3d 360, 365 (5th Cir. 2012). "Class members must have been harmed in

essentially the same way." <u>Maldonado v. Ochsner Clinic Foundation</u>, 493 F.3d 521, 524 (5th Cir. 2007).  Rule 23(b)(2)'s requirements, that the practice complained of be "generally applicable" to the class, and that final injunctive or declaratory relief be sought for the class, are both met in the instant case.  Simply put, the class representative plaintiffs seek precisely the type of remedial action for which subdivision (b)(2) was designed.  See <u>Penson v. Terminal Transport Co.</u>, 634 F.2d 989, 993 (5th Cir. 1981).

CONCLUSION

WHEREFORE, Plaintiffs respectfully request that they be certified as representative of a class consisting of all persons who have paid or will pay a biometrics fee of $85.00 to United States Citizenship and Immigration Services, and did not have or will not have those biometrics fees returned to them after USCIS determines they are not needed, and that this action proceed as a class action under Fed. R. Civ. P. 23(a) and (b)(2).

Respectfully submitted,

---

RICHARD S. FISCHER
State Bar No. 07043100

FISCHER AND FISCHER, ATTORNEYS AT LAW
114 South Pecan Street
Nacogdoches, Texas  75961
Phone:     (936)564-2222
FAX:       (936)564-1346
E-mail:    <u>fischerlaw@sbcglobal.net</u>

Attorneys for Plaintiffs